IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMIN DOE, | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| JAIME SORBER, et al., | : | No. 20-6488 |
|     Respondents. | : | |

# ORDER

**AND NOW**, this 6th day of May, 2021, upon careful and independent consideration of the petition for a writ of habeas corpus (ECF No.1), and after review of the Report and Recommendation ("R&R") of United States Magistrate Judge Timothy R. Rice (ECF No. 4), and Petitioner's Objection thereto (ECF No. 5), it is hereby **ORDERED as follows**:

1. Petitioner's Objection to the Report and Recommendation (ECF No. 5) is **OVERRULED**[1];

2. The Report and Recommendation (ECF No. 4) is **APPROVED AND ADOPTED** as set forth herein;

---

[1] Following a violation hearing, the Petitioner's probation was revoked, and he was sentenced to two-and-a-half to five years imprisonment. *See* ECF No. 4, at 1–2. The Petitioner subsequently filed the instant habeas petition, claiming that the state court lacked subject matter jurisdiction over his probation violation hearing because he was "never sworn in" and "there was no PARS report." ECF No. 1. After reviewing the petition, the Magistrate Judge issued a well-reasoned R&R, rejecting Petitioner's claim as non-cognizable and procedurally defaulted. ECF No. 4.

    In his objections to the R&R, the Petitioner only challenges the Magistrate Judge's references to the Parole Board, clarifying that his *probation*, not *parole*, was revoked. Regardless, the Magistrate Judge's reasoning that the claim is non-cognizable and procedurally defaulted still holds. State law governs the jurisdiction over probation and parole violation hearings alike. *See* 42 PA. CONST. STAT. § 9771 (modification or revocation of probation); 61 PA. CONST. STAT. § 6138 (violation of terms of parole); 37 PA. CODE § 71.2 (regulations for procedure for violation of parole). Therefore, in both the parole and probation contexts, the claim is non-cognizable: it is well-established that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *see also* ECF No. 4, at 2. Similarly, the time to appeal a decision revoking parole is the same for a decision revoking probation, meaning the Petitioner's habeas claim is procedurally defaulted for the same reasons as explained in the R&R. *See* PA. R. CRIM. P. 708 (defendants have thirty days to file an appeal after parole or probation is revoked); *see also* ECF No. 4, at 2 (finding that Petitioner never presented his claims to the state court and the time for doing so has passed). For these reasons, the habeas petition will be denied.

3. The petition for writ of habeas corpus is **DISMISSED with prejudice**;

4. There is no probable cause to issue a certificate of appealability; and

5. The Clerk of the Court shall mark this case **CLOSED** for statistical purposes.

BY THE COURT:

 */s/ John M. Gallagher*
JOHN M. GALLAGHER
U.S. DISTRICT COURT JUDGE